In the Matter of JOSEPH RICHARD GUARDINO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 29, 1984

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Joseph Richard Guardino,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by this court on June 15, 1966. In this proceeding to discipline respondent for professional misconduct the petitioner moves to confirm the report of the special referee and the respondent submits an affidavit in opposition to said motion.

The special referee found respondent guilty of (1) engaging in an abuse of process and instituting legal claims which he knew merely served to harass or maliciously injure another; (2) communicating with an adverse party whom he knew to be represented by an attorney, during the course of litigation and without the prior consent of the adverse party's attorney; (3) engaging in conduct that

adversely reflected on his fitness to practice law; and (4) revealing and using a confidence or secret of his former client to the disadvantage of the former client.

The evidence reveals that respondent brought multiple actions against his then wife and many others, including, the Governor and the Attorney-General of the State of New York, and a law firm. Respondent admitted all of the misconduct but raised certain factors in mitigation of his misconduct including his serious personal problems at the time of the misconduct.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the special referee. Respondent is guilty of the misconduct indicated above. Petitioner's motion to confirm the special referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by respondent at the hearing of this matter. Accordingly, respondent should be, and hereby is, suspended from the practice of law for a period of three years, effective July 1, 1984, and until the further order of this court.

MOLLEN, P. J., TITONE, MANGANO, GIBBONS and THOMPSON, JJ., concur.